| | |
|---|---|
| FlavaWorks Entertainment, Inc., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:26-cv-04857 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| Ludovic Deniau, | ) |
| | ) |
| John Doe #1 ("TheMan"), | ) |
| Owner of Gay-Torrents.org, | ) |
| | ) |
| John Does #2 through #8, | ) |
| Administrators of Gay-Torrents.org | ) |
| (sgmusuk, jasepl, Marius, ams_guy, | ) |
| lucasneo, simlacroix, matthewmancs), | ) |
| | ) |
| BYZONA LTD, | ) |
| a Bulgarian company, | ) |
| | ) |
| Evgenii Nazarov, an individual, | ) |
| | ) |
| John Does #9 through #333, | ) |
| Identified by Gay-Torrents.org usernames, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO TEMPORARILY SEAL
## TEMPORARY RESTRAINING ORDER PAPERS PENDING SERVICE

**INTRODUCTION**

Plaintiff FlavaWorks Entertainment, Inc. ("Plaintiff") respectfully moves this Court for a narrow, time-limited order temporarily sealing the Temporary Restraining Order filing package pending Plaintiff's service of the Court's signed Temporary Restraining Order on the three institutional respondents named in that Order — Skrill USA, Inc. and Skrill Limited, PayPal, Inc., and Cloudflare, Inc. (collectively, the "Third-Party Respondents"). The sealing requested is not a general sealing of the docket. It is limited to the Temporary Restraining Order filing package; it is

automatic in its expiration, lifting upon the filing of proof of service on the Third-Party Respondents or upon the expiration of ten business days, whichever occurs first; and it is necessary to prevent the very conduct that justifies the Court's issuance of an ex parte Temporary Restraining Order in the first instance.

**BACKGROUND**

Plaintiff has contemporaneously filed a Verified Complaint, a Motion for a Temporary Restraining Order and Preliminary Injunction, a supporting Declaration of Phillip Bleicher, and a Certification of Plaintiff's Counsel Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), each of which is supported by the factual record of Defendants' documented history of responding to payment-processor enforcement by opening replacement merchant accounts within days and dissipating the balances in the predecessor accounts. (See Motion for TRO, §§ II, VI; Certification of Plaintiff's Counsel, ¶¶ 3–4.) That record establishes that advance notice of the Temporary Restraining Order to any Defendant would predictably trigger the same response — immediate withdrawal of balances, opening of replacement accounts under new shell identities, and destruction of records — and thereby defeat the very relief Plaintiff seeks.

Federal Rule of Civil Procedure 65(b)(1) permits the Court to enter a Temporary Restraining Order without notice to the adverse party on a showing of specific facts demonstrating immediate and irreparable injury. The companion concern that animates that rule — that advance notice to a defendant with a demonstrated dissipation history defeats the relief requested — applies with equal force to the visibility of the underlying filing package on the public docket. A publicly visible docket is notice. Defendants monitoring the Court's PACER system, or monitored on their behalf, would learn of the Temporary Restraining Order from the docket as readily as from formal

notice. The narrow temporary sealing requested by this Motion closes that channel for the brief service window necessary to effectuate the Court's Order.

## LEGAL STANDARD

The strong presumption in favor of public access to court records, Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 545–46 (7th Cir. 2002); Union Oil Co. of California v. Leavell, 220 F.3d 562, 567–68 (7th Cir. 2000), admits of narrow, good-cause exceptions where disclosure would defeat the relief sought or cause concrete harm not fully compensable by monetary remedies. The Temporary Restraining Order context is a paradigmatic example of such a narrow exception. The same specific-facts showing that supports ex parte relief under Rule 65(b)(1)(A) — documented, non-speculative dissipation risk — supports the time-limited, automatic-expiration sealing requested here. The sealing is narrowly tailored, automatically expires upon effectuation of the Court's Order, and imposes no continuing restriction on public access beyond the brief service window.

## ARGUMENT

### I. *Good Cause Exists for a Narrow, Time-Limited Seal.*

The good cause for temporary sealing pending service is coextensive with the good cause for the ex parte Temporary Restraining Order itself. Defendants have, as set forth in the Verified Complaint, a documented 2017 history of responding to PayPal and Skrill enforcement by immediate withdrawal of balances and opening of replacement merchant accounts under successor shell identities. (Compl. ¶ 45; Compl. ¶¶ 108–109; Certification of Plaintiff's Counsel, ¶¶ 3–4.) That history establishes, on the present record, a concrete and non-speculative risk that any visibility of the Temporary Restraining Order filing package to any Defendant — whether by formal notice or by PACER visibility — before Plaintiff has had the opportunity to serve the

Court's signed Order on Skrill, PayPal, and Cloudflare would result in the dissipation of the very assets and records the Order is entered to preserve.

The public interest in real-time access to civil filings, while significant in the ordinary case, is not displaced by the narrow, time-limited sealing requested here. The sealing proposed expires automatically upon the earlier of Plaintiff's filing of proof of service on the Third-Party Respondents or the expiration of ten business days from entry of the Temporary Restraining Order. The public's access to the filings is deferred by, at most, a single business-week-and-a-half — a delay that is the ordinary cost of an effective ex parte Temporary Restraining Order and that is the Rule's own contemplation of how the ex parte procedure is to be administered in cases of documented dissipation risk.

## II. The Sealing Is Narrowly Tailored.

Plaintiff requests sealing only of the specific filings directly concerned with the Temporary Restraining Order, namely: the Motion for a Temporary Restraining Order and Preliminary Injunction; the Declaration of Phillip Bleicher; the Certification of Plaintiff's Counsel Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B); the [Proposed] Temporary Restraining Order; and this Motion and the accompanying [Proposed] Order granting it. Plaintiff does not seek sealing of the Verified Complaint or any of its Exhibits, which will be filed publicly in the ordinary course; does not seek sealing of any collateral motion; and does not seek any sealing whatever that extends beyond the service-window described above.

## III. Automatic Lift Upon Service Protects the Public Interest.

Plaintiff commits, and the [Proposed] Order provides, that the temporary seal lifts automatically — without further order of this Court — upon the earlier of (a) the filing on the docket of a notice of service of the signed Temporary Restraining Order on each of the Third-Party Respondents; or (b) the expiration of ten business days from the entry of the [Proposed] Order

granting this Motion. The automatic-lift provision is designed to minimize the duration of any departure from the public-access presumption and to ensure that the Court and the public need not entertain successive motions to extend or unseal. Plaintiff further commits, and the [Proposed] Order requires, that Plaintiff shall file proof of service on each Third-Party Respondent promptly upon effecting service, so that the automatic lift will be triggered at the earliest practical moment.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the [Proposed] Order submitted herewith, temporarily sealing the Temporary Restraining Order filing package pending service on the Third-Party Respondents, subject to automatic lift on the terms set forth above.

Dated: April 28, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, IL 60612
Telephone: 305-438-9450
Email: Corinthia@flavaworks.com

Counsel for Plaintiff
FlavaWorks Entertainment, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing to be filed electronically using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, and that a copy will be served on all non-CM/ECF parties by the method set forth in the accompanying proof of service.


/s/ Corinthia Hicks
Corinthia Hicks, Esq.