**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FlavaWorks Entertainment, Inc., | ) |
| | ) |
| Plaintiff, | ) Case No. 1:26-cv-04857 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| Ludovic Deniau, | ) |
| | ) |
| John Doe #1 ("TheMan"), | ) |
| Owner of Gay-Torrents.org, | ) |
| | ) |
| John Does #2 through #8, | ) |
| Administrators of Gay-Torrents.org | ) |
| (sgmusuk, jasepl, Marius, ams_guy, | ) |
| lucasneo, simlacroix, matthewmancs), | ) |
| | ) |
| BYZONA LTD, | ) |
| a Bulgarian company, | ) |
| | ) |
| Evgenii Nazarov, an individual, | ) |
| | ) |
| John Does #9 through #333, | ) |
| Identified by Gay-Torrents.org usernames, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO TAKE EXPEDITED DISCOVERY**

This matter having come before the Court on Plaintiff FlavaWorks Entertainment, Inc.'s

Motion for Leave to Take Expedited Discovery; the Court having considered the Motion, the

Verified Complaint, the Declaration of Phillip Bleicher, and the supporting submissions; and the

Court finding that good cause exists under Federal Rule of Civil Procedure 26(d)(1) for the limited

and specific pre-Rule 26(f) discovery requested:

IT IS HEREBY ORDERED:

1. **Motion granted.** Plaintiff's Motion for Leave to Take Expedited Discovery is GRANTED on the terms set forth below.

2. **Subpoenas to payment processors.** Plaintiff is authorized, prior to the parties' conference under Federal Rule of Civil Procedure 26(f), to serve subpoenas under Federal Rule of Civil Procedure 45 on: (a) Skrill USA, Inc. and Skrill Limited (together, "Skrill"), seeking records concerning the Skrill merchant account held by or for the benefit of Defendant BYZONA LTD and through which transactions originating at 247host.eu are processed; and (b) PayPal, Inc. ("PayPal"), seeking records concerning the PayPal merchant account in the name of Defendant Evgenii Nazarov bearing merchant statement descriptor "CLOUD2MAX" and associated with cloud2max.club. The records sought may include account holder identification, billing records, transaction histories, communications with the merchant of record, and account termination records.

3. **Subpoenas to domain and infrastructure providers.** Plaintiff is authorized, prior to the parties' Rule 26(f) conference, to serve subpoenas under Federal Rule of Civil Procedure 45 on Cloudflare, Inc. and Tucows, Inc., seeking records relating to the gay-torrents.org domain, including without limitation account holder identification, billing records, transaction histories, origin-server IP addresses, DNS configuration records, forum-posting records, and account-deletion records relating to the named Defendants and the Gay-Torrents.org enterprise.

4. **Subpoenas to email-service providers.** Plaintiff is authorized, prior to the parties' Rule 26(f) conference, to serve subpoenas under Federal Rule of Civil Procedure 45 on Google LLC, Microsoft Corporation, Apple Inc., and Yahoo! Inc. (each an "Email Provider"), seeking subscriber identifying information — including subscriber name, alternate and recovery email

addresses, recovery telephone number, account creation date and creation IP address, login IP address history, and associated billing information — for the email accounts associated with the Member Defendants in this action. The specific email addresses for which subscriber records are sought from each Email Provider shall be transmitted by Plaintiff directly to that Email Provider in connection with service of the corresponding subpoena, keyed to the corresponding John Doe number in the Verified Complaint. No Member Defendant's email address shall be placed on the public record at any stage of the discovery authorized by this Order.

5. **Subpoenas to internet service providers subsequently identified.** Upon identification, through the discovery authorized by Paragraphs 2 and 4 above, of the internet service providers corresponding to login IP addresses associated with the Member Defendants, Plaintiff is authorized, prior to the parties' Rule 26(f) conference, to serve subpoenas under Federal Rule of Civil Procedure 45 on those internet service providers, as a secondary means of identification, seeking subscriber identifying information for the specific IP addresses associated with the Member Defendants.

6. **Subscriber-notification protocol (Email Providers).** Each Email Provider served with a subpoena issued pursuant to this Order shall, before producing any responsive records, notify the affected subscriber of the subpoena, in writing, at the subpoenaed email address. The subscriber shall have thirty (30) days from the date of such notification within which to file a motion to quash. The Email Provider shall produce responsive records only upon expiration of that thirty (30) day period and only in the absence of a timely-filed motion to quash. The same thirty (30) day notification protocol shall apply to internet service providers served pursuant to Paragraph 5 above.

7. **Confidentiality of produced records.** All records produced in response to subpoenas authorized by this Order shall be transmitted to Plaintiff under cover designating the production confidential, treated by Plaintiff as confidential, used solely for purposes of this litigation, and not filed on the public record in this action except in connection with motion practice and then only under seal pursuant to further order of this Court.

8. **Severance protocol.** (a) *Identification timing.* The clock for proceeding against any individual Member Defendant runs from the date on which a subpoena recipient produces information sufficient to identify that Member Defendant, not from the date of entry of this Order. (b) *Service following identification.* As to any Member Defendant whose legal identity has been obtained through the discovery authorized by this Order, but upon whom effective service of process has not been made within ninety (90) days of such identification, that Member Defendant shall be severed and dismissed without prejudice, consistent with Federal Rule of Civil Procedure 4(m). (c) *Outer backstop.* Regardless of the status of investigation, any Member Defendant whose legal identity has not been obtained within eighteen (18) months after the entry of this Order shall be severed and dismissed without prejudice. This backstop may be extended only upon Plaintiff's motion and a showing of good cause that a subpoena recipient's substantial non-responsiveness materially delayed identification. (d) *Status reporting.* Plaintiff shall file, not later than one hundred eighty (180) days after the entry of this Order and every one hundred eighty (180) days thereafter, a status report setting forth — as to the Member Defendants collectively and without identifying information — the number of Member Defendants identified, the number served, the number for whom subpoenas are outstanding and the issue dates thereof, the number for whom investigation has been exhausted, and the number severed.

9. **Post-identification jurisdictional sorting.** As to each Member Defendant whose subscriber-level identifying information has been obtained through the discovery authorized by this Order, Plaintiff shall, within ninety (90) days of receipt of such information, file with the Court one of the following, as appropriate: (a) *Illinois-connected defendants.* Where the Member Defendant resides in Illinois, has contractually consented to personal jurisdiction in Cook County, Illinois through a FlavaWorks Terms-and-Conditions forum-selection clause, or is otherwise subject to the personal jurisdiction of this Court — a statement of intent to proceed in this action, accompanied by a short statement of the jurisdictional basis. (b) *Out-of-district domestic defendants.* Where the Member Defendant resides in any other federal judicial district and no independent jurisdictional basis as to this District exists — a motion to sever pursuant to Federal Rule of Civil Procedure 21 and to dismiss the severed action without prejudice to Plaintiff's right to refile in the federal district of the Member Defendant's residence. (c) *Foreign or unidentified defendants.* Where the Member Defendant is identified as residing outside the United States, or where the subscriber response is incomplete or non-productive — a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a) or such other disposition as the circumstances warrant. The merits prosecution of any out-of-district domestic Member Defendant shall not proceed in this action.

10. **Limit on use of identifying information.** Nothing in this Order authorizes the public filing of any Member Defendant's email address, login IP address, or other personally identifying information. Plaintiff shall transmit such information directly to the relevant subpoena recipient at the time of service of the corresponding subpoena, and shall not place such information on the public record at any stage of this action.

IT IS SO ORDERED.


Dated: _____, 2026


_____
United States District Judge