**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

FlavaWorks Entertainment, Inc.

                                Plaintiff,

v.                                                          Case No.: 1:26–cv–04857
                                                            Honorable John Robert Blakey

Ludovic Deniau, et al.

                                Defendant.

_____

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, May 4, 2026:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff initiated this lawsuit seeking to sue 336 defendants for copyright infringement, among other claims, see [1]. Joinder of multiple defendants in a single copyright infringement action remains appropriate only if the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a common question of law or fact exists as to all defendants. Fed. R. Civ. P. 20(a)(2)(A)–(B). Rather than specifically address this principle, Plaintiff alleges that joinder "is undertaken for the limited purpose of obtaining the third–party identifying information without which Plaintiff cannot proceed against any of these Defendants in any forum," that "Plaintiff commits that any identified Member Defendant lacking an independent jurisdictional connection to this District will be severed and dismissed without prejudice to Plaintiff's right to refile in that defendant's home district," and that "this is not a mass–joinder action seeking to extract settlements from non–resident Doe defendants in a distant forum." [1] at 2. But Plaintiff provides no authority for the claimed exception to joinder, or, for that matter, personal jurisdiction. Absent a showing that personal jurisdiction exists as to each defendant and a showing that joinder of all defendants remains appropriate under the Federal Rules, Plaintiff may not proceed. Accordingly, the Court dismisses without prejudice Plaintiff's complaint [1]. The Court also denies the pending motions to seal its temporary restraining order materials [3], see, e.g., Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 800 (7th Cir. 2014), as corrected (May 12, 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."); Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated Associations Identified on Schedule A, 192 F. Supp. 3d 924, 930 (N.D. Ill. 2016) ("For a TRO or preliminary injunction order to be valid, the issuing Court must have personal jurisdiction over the defendants."), and for expedited discovery [6], see Wilson v. Nouvag GmbH, No. 15–CV–11700, 2018 WL 1565602, at *8 (N.D. Ill. Mar. 30, 2018) (Plaintiff "does not have an automatic right to jurisdictional discovery"); Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 946 (7th Cir. 2000) ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."). If consistent with its obligations under Rule 11, Plaintiff can amend to allege facts to support the joinder of all

336 defendants and the exercise of personal jurisdiction over each defendant, it may do so by 5/26/26; if Plaintiff declines to amend, the Court will dismiss this case. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.