**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
|     Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
|     Defendants. | ) | |

## CERTIFICATION OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(b)(1)(B)

I, Corinthia Hicks, counsel of record for Plaintiff FlavaWorks Entertainment, Inc. ("Plaintiff"), hereby certify in writing pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) as follows:

1. I am the attorney of record for Plaintiff in the above-captioned matter. I make this Certification of Counsel based on personal knowledge and on my review of Plaintiff's investigative records and the contemporaneous Declaration of Phillip Bleicher submitted in support of Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction (the "Renewed TRO Motion").

2. Plaintiff's Renewed TRO Motion seeks, among other things, (a) an order freezing the Skrill USA, Inc. merchant account held by or for the benefit of Defendant BYZONA LTD; (b) an order freezing the PayPal, Inc. merchant account held by or for the benefit of Defendant Evgenii Nazarov; and (c) an order placing a registrar lock on the gay-torrents.org domain at Tucows, Inc., to prevent its transfer to any third party during the pendency of this action. Plaintiff respectfully requests that the foregoing components of the Renewed TRO Motion be granted on an ex parte basis, without prior notice to the Enjoined Defendants.

3. This Certification sets forth the reasons why notice to the Enjoined Defendants should not be required as to those specific components of the requested relief.

**Specific Facts Demonstrating Why Notice Should Not Be Required**

4. Defendants Have Demonstrated Both the Means and the Willingness to Defeat the Requested Relief Through Pre-Notice Action. Plaintiff filed the original Verified Complaint in this action

on April 28, 2026 [Dkt. 1]. Within days thereafter, and on information and belief in deliberate response to the filing of this action, the operator-tier Defendants—John Doe #1 (TheMan), BYZONA LTD, Orlin Tsekov, and Evgenii Nazarov—caused the Gay-Torrents.org website to be taken offline. The site remains offline as of the date of this Certification. The shutdown was undertaken unilaterally and without prior notice to the Site's own administrators (Defendants John Does #2 through #8); the operator-tier Defendants have refused to respond to administrator inquiries since the shutdown. The post-filing operator flight, including direct contemporaneous third-party admin-side testimony, is documented in Paragraphs 28 through 32 of the accompanying Declaration of Phillip Bleicher.

5.  Pre-Notice Action Would Defeat the Asset-Freeze Components. The Enjoined Defendants are foreign residents who operate financial accounts at regulated United States payment processors (Skrill USA, Inc. and PayPal, Inc.) but reside outside the personal reach of those processors' enforcement mechanisms. A foreign account holder with prior notice of an impending court-ordered freeze of his account can—within minutes, electronically, and without recourse on the part of the processor—initiate a withdrawal, transfer, or chargeback of the entire account balance, defeating the freeze before it can be served on the processor. The operator-tier Defendants have, by their post-filing flight, demonstrated both the means to take such action and the intent to evade the jurisdiction of this Court. Notice of the asset-freeze components prior to entry of the order would, with substantial likelihood, render the order ineffective at the moment it is served.

6.  Pre-Notice Action Would Defeat the Registrar-Lock Component. The customer of record for the gay-torrents.org domain at Tucows, Inc. has, on information and belief, the unilateral ability to initiate a transfer of the domain to another registrar at any time. A transfer initiated and completed prior to the registrar lock being placed by Tucows would frustrate the Court's authority to compel the disposition of the domain at final judgment and would, on information and belief, permit the perpetuation of the infringing operations under a new operator beyond the reach of this Court. Notice of the registrar-lock component prior to entry of the order would, with substantial likelihood, prompt exactly such an evasive transfer.

7.  Plaintiff Does Not Seek Ex Parte Relief As To the Records-Preservation Components. Plaintiff seeks the records-preservation components of the Renewed TRO Motion (directed at

Cloudflare, Inc. and Tucows, Inc. with respect to records of the customer of record for gay-torrents.org) with notice to the Enjoined Defendants, because preservation duties cannot be defeated by advance notice; preservation merely directs the third-party custodian to refrain from deletion regardless of any subsequent direction by the Enjoined Defendants. The defendant-directed preservation and disclosure components are likewise sought with notice.

**<u>Efforts to Give Notice and Reasons They Should Not Be Required</u>**

8. Plaintiff has made the following efforts to communicate with the operator-tier Defendants in the period preceding this filing: (a) dozens of formal DMCA takedown notices sent to info@gay-torrents.org over more than a decade (2012 through 2025) (Compl. ¶¶ 51, 100); (b) a 2017 DMCA notice sent by Plaintiff's predecessor to Skrill USA, Inc. concerning payments routed to Gay-Torrents.org through Defendant BYZONA LTD (Compl. ¶ 87); (c) 2017 complaints to PayPal, Inc. concerning the predecessor cloud2max.eu account (Compl. ¶ 87); (d) service of the original Verified Complaint upon Defendants' known registered email addresses on April 28, 2026 (Dkt. 1); and (e) repeated attempts by the Site's own administrators to reach the operator-tier Defendants since the May 2026 site shutdown, which have gone unanswered (Bleicher Decl. ¶ 31). None of these communications has produced a substantive response from the operator-tier Defendants.

9. Additional notice in advance of the asset-freeze and registrar-lock components of the Renewed TRO Motion would not, in counsel's professional judgment, alter the operator-tier Defendants' refusal to engage with Plaintiff's enforcement, but would substantially increase the probability that the assets and the domain are placed beyond this Court's reach before the requested order can be served on Skrill USA, Inc., PayPal, Inc., and Tucows, Inc. For these reasons, the case for ex parte issuance of the asset-freeze and registrar-lock components is squarely within Federal Rule of Civil Procedure 65(b)(1)(B).

**<u>Bond and Hearing</u>**

10. Plaintiff respectfully requests that bond be set at $5,000.00 under Federal Rule of Civil Procedure 65(c). The narrowed relief sought imposes no material cost on the Enjoined Defendants beyond preventing the dissipation of proceeds that, on the merits, do not lawfully belong to them. Plaintiff further requests that the Court schedule a hearing on the Preliminary

Injunction component of the Renewed TRO Motion within fourteen (14) days of entry of the Temporary Restraining Order, in accordance with Federal Rule of Civil Procedure 65(b)(3).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of May, 2026, at Chicago, Illinois.

DATED: May 27, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, IL 60612
Telephone: 305-438-9450
Email: Corinthia@flavaworks.com

Counsel for Plaintiff FlavaWorks Entertainment, Inc.