**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
|     Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

Plaintiff FlavaWorks Entertainment, Inc., by and through its undersigned counsel, respectfully moves this Honorable Court for leave to conduct limited expedited third-party discovery in advance of the Rule 26(f) conference, pursuant to Federal Rule of Civil Procedure 26(d)(1) and the Court's inherent authority.

This Motion is narrowly tailored. It seeks leave to serve subpoenas under Federal Rule of Civil Procedure 45 on four (4) specifically identified third parties—Skrill USA, Inc.; PayPal, Inc.; Cloudflare, Inc.; and Tucows, Inc.—for the limited purpose of (a) identifying the true name and contact information of Defendant John Doe #1 (TheMan); (b) tracing the receipt, disbursement, and current location of the proceeds of the Site's infringing operations; and (c) confirming the preservation of records required under the contemporaneous Renewed Motion for Temporary Restraining Order and Preliminary Injunction (the "Renewed TRO Motion").

This Motion is filed in support of the First Amended Verified Complaint, which cures the pleading deficiencies identified in the Court's Minute Entry of May 4, 2026 [Dkt. 7]. Personal jurisdiction is now pleaded defendant-by-defendant. The threshold the Court identified in its May 4 Order— the requirement of a prima facie showing of personal jurisdiction before jurisdictional discovery may proceed, citing *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)—is therefore satisfied as to each Defendant against whom the subpoenas are directed.

This Motion does not seek expedited discovery against any Defendant directly; it seeks only narrowly defined third-party subpoenas. It does not seek the broad discovery authority sought in

Plaintiff's prior (and denied) motion for expedited discovery [Dkt. 6]. It is supported by the accompanying Memorandum of Points and Authorities.

**Relief Sought**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. Authorizing Plaintiff to serve a subpoena under Federal Rule of Civil Procedure 45 on Skrill USA, Inc. seeking: (a) subscriber identification information (name, address, telephone number, email address, billing address) for the merchant account holder of the Skrill merchant account held by or for the benefit of Defendant BYZONA LTD (and any successor account); and (b) transaction history records for that merchant account from January 1, 2017 through the date of production;

2. Authorizing Plaintiff to serve a subpoena under Federal Rule of Civil Procedure 45 on PayPal, Inc. seeking: (a) subscriber identification information for the merchant account holder of the PayPal merchant account held by or for the benefit of Defendant Evgenii Nazarov (and any successor account, including the account associated with cloud2max.club); and (b) transaction history records for that merchant account from January 1, 2017 through the date of production;

3. Authorizing Plaintiff to serve a subpoena under Federal Rule of Civil Procedure 45 on Cloudflare, Inc. seeking subscriber identification information for the customer of record for the gay-torrents.org domain, including name, address, telephone number, email address, billing records, and origin-server IP records;

4. Authorizing Plaintiff to serve a subpoena under Federal Rule of Civil Procedure 45 on Tucows, Inc. seeking subscriber identification information for the registrant of record for the gay-torrents.org domain, including name, address, telephone number, email address, billing records, registration history, and transfer history;

5. Directing that any information produced in response to the foregoing subpoenas be used by Plaintiff solely for purposes of this litigation, including the identification and service of Defendants and the prosecution of Plaintiff's claims, and not for any other purpose;

6. Providing that the foregoing authorization is without prejudice to Plaintiff's right to seek additional discovery as warranted in the ordinary course of this action; and

7. Granting such other and further relief as the Court deems just and proper.

DATED: May 27, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, IL 60612
Telephone: 305-438-9450
Email: Corinthia@flavaworks.com

Counsel for Plaintiff FlavaWorks Entertainment,
Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

### I. INTRODUCTION

In its Minute Entry of May 4, 2026 [Dkt. 7], the Court denied Plaintiff's original motion for expedited discovery [Dkt. 6] on the procedural ground that personal jurisdiction had not been properly pleaded. The Court held that, under *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000), "the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." Plaintiff's contemporaneously filed First Amended Verified Complaint makes that showing. With the threshold cleared, Plaintiff now renews its request for expedited third-party discovery in significantly narrowed form.

The narrowed scope is critical and intentional. Plaintiff does not seek the broad email-provider and ISP subpoena authority originally requested in Dkt. 6 (which sought subpoenas to Google, Microsoft, Apple, Yahoo, and unspecified internet service providers for the 325 Member Defendants in the original Complaint). Plaintiff has, in the First Amended Complaint, reduced the Member Defendant pool from 325 to 39 and has anchored personal jurisdiction over each on express contractual consent via the FlavaWorks Terms and Conditions clickwrap. Identification of the Member Defendants will be pursued through the parallel § 512(h) subpoena process, which does not require Court authorization. The Court's discovery authority is therefore needed only as to four (4) specific third parties whose records are necessary to identify the operator-tier Defendants and trace the proceeds of infringement: Skrill USA, Inc.; PayPal, Inc.; Cloudflare, Inc.; and Tucows, Inc.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Courts have discretion over management of the discovery process. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Expedited discovery "is not the norm," and courts should not grant leave for expedited discovery "without some showing of the necessity for the expedited discovery." *Id.* The standard is whether the request is reasonable in light of all the surrounding circumstances and whether the party seeking early discovery has made a sufficient showing of necessity. *Id.*; *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Courts applying this standard consider factors such as (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the respondents to comply; and (5) how far in advance of the typical discovery process the request was made. *Id*. The threshold prima facie personal-jurisdiction showing required by *Central States v. Reimer Express*, 230 F.3d at 946, must also be satisfied.

## III. ARGUMENT

### A. The Threshold Personal-Jurisdiction Showing Has Been Made.

Plaintiff's First Amended Verified Complaint pleads personal jurisdiction defendant-by-defendant in Paragraphs 26 through 35, addressing each operator-tier Defendant individually on the specific bases of (a) express contractual consent (Defendant Deniau); (b) Federal Rule of Civil Procedure 4(k)(2) with documented United States contacts (Defendants TheMan, BYZONA, Tsekov, Nazarov, and each of the seven administrators); and (c) the FlavaWorks clickwrap forum-selection clause (the Member Defendants). The pleading meets the prima facie threshold articulated in *Central States*.

### B. Good Cause Supports the Narrowed Subpoena Authority.

First, a preliminary injunction motion is pending. Plaintiff's contemporaneously filed Renewed TRO Motion seeks, among other things, the freezing of the very accounts (BYZONA Skrill; Nazarov PayPal) that are the subject of the proposed subpoenas. The discovery sought here is necessary to give effect to that injunctive relief by identifying account holders and tracing

transaction histories. The pendency of a preliminary injunction motion is a recognized factor weighing heavily in favor of expedited discovery. See *Merrill Lynch*, 194 F.R.D. at 624.

Second, the requests are narrowly tailored. Plaintiff seeks subpoenas to only four (4) specifically identified third parties, on only the specific information necessary to (i) identify Defendant TheMan and confirm the identities of the named operator-tier Defendants; (ii) trace the proceeds of infringement; and (iii) preserve records held by the third parties for the duration of this action. Plaintiff does not seek subpoenas to the dozens of email providers and internet service providers contemplated in the original (denied) discovery motion.

Third, the purpose of the discovery is legitimate and necessary. Defendant TheMan has, despite a decade of attempted contact through the Site's published DMCA email address, never disclosed his true identity. The records held by Cloudflare and Tucows are the principal—and likely the only—means by which Plaintiff can identify TheMan and effectuate service of process. The Skrill and PayPal records are necessary to (a) trace the proceeds of infringement, which Plaintiff seeks to freeze under the contemporaneous Renewed TRO Motion, and (b) confirm the chain of beneficial ownership of the merchant accounts.

Fourth, the burden on the third parties is modest. Each of Skrill USA, Inc., PayPal, Inc., Cloudflare, Inc., and Tucows, Inc. maintains in the ordinary course of its business the information sought, and each has experience responding to civil subpoenas for subscriber identification and transaction records. The discovery requests do not call for the production of substantive transactional content, just subscriber identification, billing, and account-history records.

Fifth, the urgency of the discovery is substantially heightened by the post-filing flight of the operator-tier Defendants described in Section J of the First Amended Complaint and in Paragraphs 28 through 32 of the contemporaneous Bleicher Declaration. The Site has been offline since early May 2026; the operator-tier Defendants have refused to respond to their own administrators' inquiries since the shutdown; the assets in the Skrill and PayPal accounts are at substantial risk of dissipation; and the records held by Cloudflare and Tucows are at risk of deliberate destruction at the direction of the customer of record. Each day without the requested discovery materially increases the risk that the targeted information will be lost.

***C. The Narrowed Discovery Is Consistent With This Court's Standing Concerns.***

This Court denied Plaintiff's prior discovery motion because the underlying complaint lacked a prima facie showing of personal jurisdiction. Dkt. 7. The denial was without prejudice to a renewed motion supported by a properly pleaded complaint. This Motion, filed in support of the First Amended Complaint, addresses that concern. The subpoenas are sought only as to third parties whose records bear on the identity and operations of Defendants over whom personal jurisdiction is now pleaded on the defendant-specific bases set forth in Paragraphs 27 through 32 of the First Amended Complaint. The discovery sought is not jurisdictional discovery (which the Court's May 4 Order observed Plaintiff has no automatic right to under *Wilson v. Nouvag GmbH*, No. 15-CV-11700, 2018 WL 1565602, at *8 (N.D. Ill. Mar. 30, 2018)); rather, it is merits-track third-party discovery in aid of injunctive relief against Defendants over whom personal jurisdiction is properly pleaded.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the [Proposed] Order Granting Plaintiff's Motion for Limited Expedited Discovery in the form submitted herewith.


DATED: May 27, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, IL 60612
Telephone: 305-438-9450
Email: Corinthia@flavaworks.com

Counsel for Plaintiff FlavaWorks Entertainment, Inc.