**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**TEMPORARY RESTRAINING ORDER**

This matter came before the Court on Plaintiff FlavaWorks Entertainment, Inc.'s Renewed Motion for Temporary Restraining Order (the "Renewed TRO Motion"), filed in support of the First Amended Verified Complaint and supported by the Declaration of Phillip Bleicher and the Certification of Counsel under Federal Rule of Civil Procedure 65(b)(1)(B).

The Court, having considered the Renewed TRO Motion, the First Amended Verified Complaint, the supporting Declaration of Phillip Bleicher, the Certification of Counsel, and the record in this action; and being fully advised in the premises, **FINDS as follows:**

1.     Plaintiff has established prima facie personal jurisdiction over the Enjoined Defendants (BYZONA LTD; Orlin Tsekov; Evgenii Nazarov; John Doe #1 (TheMan); and John Does #2 through #8 on the defendant-specific bases pleaded in Paragraphs 27 through 32 of the First Amended Verified Complaint.

2.     Plaintiff has demonstrated a likelihood of success on the merits of its claims under the Copyright Act.

3.     Plaintiff has demonstrated that it will suffer irreparable harm absent injunctive relief, including the dissipation of recoverable assets and the destruction of identification records.

4.     Traditional legal remedies are inadequate to address the harm Plaintiff faces.

5.     The balance of equities and the public interest favor the entry of injunctive relief in the narrowed form set forth below.

6.     As to the asset-freeze and registrar-lock components, the requirements of Federal Rule of Civil Procedure 65(b)(1)(B) are satisfied: specific facts show that immediate and irreparable injury will result before the Enjoined Defendants can be heard in opposition, and counsel for Plaintiff has certified in writing the efforts made to give notice and the reasons it should not be required.

**IT IS THEREFORE ORDERED:**

7.     **Asset Freeze (BYZONA Skrill Account)**. Skrill USA, Inc. shall, immediately upon service of this Order, freeze and refrain from disbursing any funds held in or remitted to the Skrill merchant account held by or for the benefit of Defendant BYZONA LTD (including any account associated with the email address or trade names BYZONA LTD, 247host, or 247host.eu) and any successor or replacement merchant account opened by or for the benefit of BYZONA LTD or Defendant Tsekov for the receipt of payments associated with Gay-Torrents.org, up to an aggregate amount of $7 million USD.

8. **Asset Freeze (Nazarov PayPal Account)**. PayPal, Inc. shall, immediately upon service of this Order, freeze and refrain from disbursing any funds held in or remitted to the PayPal merchant account held by or for the benefit of Defendant Evgenii Nazarov (including the merchant account associated with cloud2max.club or the merchant statement descriptor CLOUD2MAX) and any successor or replacement merchant account opened by or for the benefit of Nazarov for the receipt of payments associated with Gay-Torrents.org, up to an aggregate amount of $7 million USD.

9. **Cloudflare Records Preservation**. Cloudflare, Inc. shall preserve, pending further order of this Court, all records in its possession, custody, or control relating to the domain gay-torrents.org, including: account records of the customer of record; billing records; DNS configuration records; access logs; origin-server IP records; abuse-report records; and communications with the customer of record.

10. **Cloudflare Origin-Server IP Disclosure**. Cloudflare, Inc. shall, within fourteen (14) days of service of this Order, disclose to Plaintiff the origin-server IP address(es) associated with the gay-torrents.org domain at all times during which the Site has been served through Cloudflare's content-delivery network.

11. **Tucows Records Preservation**. Tucows, Inc. shall preserve, pending further order of this Court, all records in its possession, custody, or control relating to the domain gay-torrents.org, including: registrant of record; billing records; registration history; transfer history; account-access logs; and any related communications.

12. **Tucows Registrar Lock**. Tucows, Inc. shall, immediately upon service of this Order, place a registrar lock on the domain gay-torrents.org, preventing transfer of the domain to any third-party registrar or to any other registrant during the pendency of this action, without further order of this Court.

13. **Defendant-Directed Preservation**. The Enjoined Defendants, and any agent, servant, employee, attorney, successor, or assign acting in concert with them, shall not delete, destroy, alter, conceal, or otherwise dispose of any record, user data, account information, forum post, payment record, transaction record, server file, log file, communication, or other material relating to Gay-Torrents.org, 247host.eu, cloud2max.club, or any other associated property.

14. **Defendant-Directed Disclosure**. The Enjoined Defendants shall, within seven (7) days of service of this Order, file with the Court and serve upon Plaintiff a sworn written statement identifying (a) the true name and last-known address of each Enjoined Defendant; (b) the present location and current balance of any account, asset, or property received as a result of payments associated with Gay-Torrents.org; and (c) any transfer of any such asset that has occurred since April 28, 2026.

15. **Bond**. Within seven (7) days of entry of this Order, Plaintiff shall deposit with the Court $110,000, either cash or surety bond, as security.

16. **Preliminary Injunction Hearing**. A hearing on the Preliminary Injunction component of Plaintiff's Renewed TRO Motion is set for June 16, 2026, at 11:00 a.m. in Courtroom 1203.

17. **Service**. Plaintiff shall serve this Order upon: (a) the Enjoined Defendants by all means reasonably calculated to provide notice, including by transmission to all registered email addresses identified in the First Amended Verified Complaint and by service through ECF; and (b) Skrill USA, Inc., PayPal, Inc., Cloudflare, Inc., and Tucows, Inc. by their respective designated agents for service of process.

18. **Duration**. This Temporary Restraining Order shall remain in effect for fourteen (14) days.

**IT IS SO ORDERED.**

Dated: June 2, 2026                    Entered:

_____
John Robert Blakey
United States District Judge