**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
|     Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S EMERGENCY MOTION TO MODIFY TEMPORARY RESTRAINING ORDER AND TO REDUCE BOND

Plaintiff FlavaWorks Entertainment, Inc., by and through its undersigned counsel, respectfully moves this Honorable Court on an emergency basis, pursuant to Federal Rule of Civil Procedure 65 and the Court's inherent authority, to modify the Temporary Restraining Order entered June 2, 2026 [Dkt. 16] and to reduce the security required by ¶ 15 of that Order. In support of this Motion, Plaintiff states as follows:

1. On June 2, 2026, the Court granted Plaintiff's Renewed Motion for Temporary Restraining Order [Dkt. 10] and entered the Temporary Restraining Order at Dkt. 16 (the "TRO"). The TRO directs (a) asset-freeze relief against Skrill USA, Inc. and PayPal, Inc. as to the BYZONA and Nazarov merchant accounts (¶¶ 7 & 8); (b) records-preservation, origin-server IP disclosure, registrar-lock, and defendant-directed preservation and disclosure relief (¶¶ 9–14); and (c) at ¶ 15, requires Plaintiff to deposit $110,000 with the Court, either in cash or by surety bond, as security under Federal Rule of Civil Procedure 65(c). The bond deadline expires today, June 9, 2026.

2. Plaintiff cannot post the required $110,000 security, either in cash or by paying the premium on a surety bond of that magnitude. The Declaration of Phillip Bleicher submitted herewith establishes the basis of that financial inability.

3. Rather than allow the TRO to lapse for non-compliance, Plaintiff respectfully proposes a narrowing of the TRO's scope that would render the substantial bond unnecessary. The asset-freeze components (¶¶ 7 & 8) are the only provisions of the TRO that meaningfully restrain commercial activity and thus support a substantial bond under Rule 65(c). On information and belief, and as

Page 1

set forth in the accompanying Bleicher Declaration, Plaintiff has no reason to believe that substantial proceeds remain available for restraint in either the BYZONA Skrill account or the Nazarov PayPal account, given the site shutdown that began in early May 2026 and the operator-tier Defendants' continuing non-responsiveness. Dissolving the asset freezes therefore loses Plaintiff little of practical value and eliminates the principal basis for the substantial bond.

4. The remaining components of the TRO (¶¶ 9–14) impose no commercial restraint on any Defendant. They direct preservation of records by Cloudflare, Inc. and Tucows, Inc.; require Cloudflare to disclose origin-server IP addresses for the gay-torrents.org domain; require Tucows to place a registrar lock on the domain; and direct the Enjoined Defendants to preserve records and to file a sworn statement of identity and asset location. These components create essentially zero risk of cognizable "wrongful-injunction" damages under Rule 65(c), because they do not interrupt any legitimate commercial activity. A nominal bond is appropriate to support them.

5. Plaintiff sent pre-suit preservation letters to each of Skrill USA, Inc., PayPal, Inc., Cloudflare, Inc., and Tucows, Inc. on April 27, 2026 — prior to filing the original Complaint. Those letters trigger common-law spoliation duties and place each provider on actual notice of pending litigation. The Court-authorized Rule 45 subpoenas to those providers, authorized by the Order Granting Plaintiff's Motion for Limited Expedited Discovery [Dkt. 17], will further confirm and reinforce those preservation duties upon service. Plaintiff therefore proposes that the dissolved asset freezes be replaced with records-preservation orders directed to Skrill USA, Inc. and PayPal, Inc. — mirroring the preservation language already directed at Cloudflare and Tucows in ¶¶ 9 and 11 of the TRO. These additional preservation orders impose no commercial restraint and require no bond.

6. No Defendant has appeared in this action. No defendant has objected, or had the opportunity to object, to any provision of the TRO. The modification sought herein narrows the relief to the Defendants' benefit; their interests are not adversely affected, and on the contrary the relief sought reduces the Defendants' exposure to a court-ordered asset freeze.

**Relief Sought**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. Dissolving Paragraphs 7 and 8 of the Temporary Restraining Order [Dkt. 16] (the BYZONA Skrill and Nazarov PayPal asset-freeze provisions);

2. In lieu of Paragraphs 7 and 8, entering records-preservation orders directed to (a) Skrill USA, Inc., requiring preservation of all records relating to the Skrill merchant account held by or for the benefit of Defendant BYZONA LTD (and any successor account associated with BYZONA LTD, 247host, or 247host.eu); and (b) PayPal, Inc., requiring preservation of all records relating to the PayPal merchant account held by or for the benefit of Defendant Evgenii Nazarov (and any successor account, including the account associated with cloud2max.club or the merchant statement descriptor CLOUD2MAX), in each case including: subscriber identification records; billing records; transaction history records; communications with the account holder; and any related records;

3. Leaving Paragraphs 9 through 14 of the Temporary Restraining Order in full force and effect, unmodified;

4. Modifying Paragraph 15 of the Temporary Restraining Order to reduce the required security from $110,000 to $1,000 nominal, in light of the substantially narrowed scope of the modified Order;

5. In the alternative, and only if the Court declines to dissolve Paragraphs 7 and 8 in their entirety, reducing the required security under Paragraph 15 to an amount the Court deems appropriate in light of Plaintiff's demonstrated financial inability to post a six-figure bond, the operator-tier Defendants' demonstrated non-responsiveness and probable account depletion, and the proportionality of bond to actual wrongful-injunction risk;

6. Granting a brief extension of the bond deadline under Paragraph 15 of seven (7) business days from entry of an order ruling on this Motion, to permit Plaintiff to comply with any modified bond requirement; and

7. Granting such other and further relief as the Court deems just and proper.

Plaintiff respectfully requests an expedited ruling, in light of the bond deadline expiring today, June 9, 2026, and the Preliminary Injunction hearing set for June 16, 2026. Plaintiff's counsel will contact the Court's Courtroom Deputy to set this Motion on the Court's emergency motion calendar in accordance with the Court's standing order on emergency motions.

DATED: June 9, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, IL 60612
Telephone: 305-438-9450
Email: Corinthia@flavaworks.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
| Defendants. | ) | |

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO MODIFY TEMPORARY RESTRAINING ORDER AND TO REDUCE BOND

### I. INTRODUCTION

On June 2, 2026, this Court granted Plaintiff's Renewed Motion for Temporary Restraining Order, entered the TRO at Dkt. 16, and at ¶ 15 of that Order directed Plaintiff to post $110,000 in security under Federal Rule of Civil Procedure 65(c) within seven days. The bond deadline expires today. Plaintiff cannot post the required $110,000 — either in cash or as the premium on a surety bond of that magnitude — as detailed in the accompanying Declaration of Phillip Bleicher.

Plaintiff respectfully proposes a narrowing of the TRO that would render the substantial bond unnecessary. The asset-freeze components of the TRO (¶¶ 7 & 8) are the only provisions that meaningfully restrain commercial activity and thus drove the Court's $110,000 bond determination. The operator-tier Defendants have been unreachable for over a month, the Gay-Torrents.org site has been offline since early May, and there is no reason to believe that substantial proceeds remain available for restraint. Dissolving the asset freezes therefore loses Plaintiff little of practical value while eliminating the principal basis for the substantial bond. The remaining components of the TRO — records preservation, origin-server IP disclosure, registrar lock, and defendant-directed preservation and disclosure — impose no commercial restraint and require no substantial bond under Rule 65(c).

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 65(c) provides that a temporary restraining order may issue "only if the movant gives security in an amount that the court considers proper to pay the costs and

damages sustained by any party found to have been wrongfully enjoined or restrained." The amount of the bond is committed to the sound discretion of the district court. The court may waive bond entirely or set bond in a minimal amount where the risk of wrongful-injunction damages is small. See *Wayne Chem., Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 701 (7th Cir. 1977) ("it was not error for the District Court to issue the preliminary injunction without a bond" and "[u]nder appropriate circumstances bond may be excused, notwithstanding the literal language of Rule 65(c)"); *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972) ("the amount of the security rests within the discretion of the district judge," affirming district court's refusal to require any security).

The Court possesses both express and inherent authority to modify a temporary restraining order to reflect changed circumstances or to narrow the scope of relief originally granted. See Fed. R. Civ. P. 65(b)(4) (recognizing authority to modify temporary restraining orders); *System Fed'n No. 91 v. Wright*, 364 U.S. 642, 647 (1961) (federal courts retain continuing power to modify equitable decrees as "the exigencies of changed conditions may require"); *Salazar v. Buono*, 559 U.S. 700, 714–15 (2010) (recognizing the same equitable modification principle). Modification is particularly appropriate where, as here, it narrows the relief to the Defendants' benefit, no party objects, and the modification facilitates compliance with the Court's bond order.

### III. ARGUMENT

#### A. The Asset-Freeze Components of the TRO Are the Sole Basis for the $110,000 Bond and Should Be Dissolved.

Paragraphs 7 and 8 of the TRO direct Skrill USA, Inc. and PayPal, Inc. to freeze and refrain from disbursing funds in the BYZONA LTD and Evgenii Nazarov merchant accounts, respectively, up to an aggregate amount of $7 million USD each — a combined notional cap of $14 million. The Court's $110,000 bond determination — approximately 0.8 percent of the notional restrained amount — appears reasonably calibrated to that restraint. With the asset freezes dissolved, no commercial restraint remains, and the basis for substantial bond evaporates.

The practical loss to Plaintiff from dissolving the asset freezes is minimal. The Gay-Torrents.org site has been offline since early May 2026. The operator-tier Defendants have not responded to public inquiries from their own administrators since the shutdown. See First Am. Compl. ¶¶ 85–91; Bleicher Decl. ¶¶ 25–30 (in support of original TRO Motion). On information and belief, the

merchant accounts targeted by the freezes contain minimal balances, if any. The April 1, 2026 test purchases reflected only €34.95 and €14.95 in active flow. Plaintiff has no reason to believe substantial proceeds remain available for restraint.

To the extent subpoena returns under the Court's Order Granting Plaintiff's Motion for Limited Expedited Discovery [Dkt. 17] later disclose substantial balances or pending transfers, Plaintiff preserves the right to seek renewed asset-freeze relief at that point, supported by a fact-specific showing and a proportionate bond determination by the Court.

### B. The Remaining TRO Components Impose No Commercial Restraint and Warrant Only Nominal Bond.

Paragraphs 9 through 14 of the TRO direct: (a) Cloudflare, Inc. to preserve records and to disclose origin-server IP addresses for the gay-torrents.org domain (¶¶ 9–10); (b) Tucows, Inc. to preserve records and to place a registrar lock on the gay-torrents.org domain (¶¶ 11–12); (c) the Enjoined Defendants to preserve evidence (¶ 13); and (d) the Enjoined Defendants to file a sworn statement of identity and asset location within seven days of service (¶ 14).

None of these provisions restrains any commercial activity of any Defendant. The Cloudflare and Tucows provisions impose ministerial duties on neutral third-party intermediaries — preservation of records and a registrar lock on a domain whose underlying site has been offline for over a month. The defendant-directed provisions impose preservation and disclosure obligations on Defendants whose actual commercial activity is non-existent and who have not appeared in this action. The risk of cognizable "wrongful-injunction" damages from these provisions is, as a practical matter, zero.

Where the restrained conduct involves no commercial activity, federal courts routinely set nominal bond or waive bond entirely. *See Wayne Chem.*, 567 F.2d at 701 (affirming bond waiver where risk of damages was minimal); *see also Scherr v. Volpe,* 466 F.2d 1027, 1035 (7th Cir. 1972) (affirming refusal to require any security). A nominal bond of $1,000 is appropriate to support the modified TRO.

Independently, even if the Court declines to fully dissolve the asset-freeze components, reduction of the bond is appropriate because the $110,000 bond exceeds Plaintiff's financial capacity, as set forth in the accompanying Bleicher Declaration. The Seventh Circuit has recognized a financial-capacity exception to the bond requirement "for a case in which the bond is both higher than

necessary and beyond the plaintiff's financial capacity, and thus inflicts irreparable harm without justification." *Habitat Educ. Ctr. v. United States Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010) (citing *Friends of the Earth, Inc. v. Brinegar*, 518 F.2d 322 (9th Cir. 1975)). That exception is squarely satisfied here: the bond exceeds Plaintiff's financial capacity (Bleicher Decl. ¶ 5), and — given the operator-tier Defendants' demonstrated non-responsiveness and the likely depletion of the targeted accounts — it is higher than the actual wrongful-injunction risk requires.

### C. Pre-Suit Preservation Letters and Pending Rule 45 Subpoenas Adequately Protect the Records.

On April 27, 2026, prior to filing the original Complaint, Plaintiff sent formal pre-suit preservation letters to each of Skrill USA, Inc., PayPal, Inc., Cloudflare, Inc., and Tucows, Inc. Each provider was thereby placed on actual notice of pending litigation, triggering common-law spoliation duties as to all responsive records. The records-preservation orders Plaintiff requests in lieu of the dissolved asset freezes (directed to Skrill and PayPal) are belt-and-suspenders with those pre-suit duties, and impose no additional burden on the providers beyond what they are already obligated to undertake.

Plaintiff is concurrently preparing and serving Rule 45 subpoenas pursuant to the Court's Order Granting Plaintiff's Motion for Limited Expedited Discovery [Dkt. 17], which authorize subpoenas for both subscriber identification information and transaction history records (January 1, 2017 through the date of production) for both the BYZONA Skrill account and the Nazarov PayPal account. The service of those subpoenas will further reinforce the preservation duties already in place.

### D. No Defendant Has Appeared and the Modification Operates to the Defendants' Benefit.

No Defendant has appeared in this action. The TRO was entered in part on an ex parte basis under the Court's Rule 65(b)(1)(B) findings (see Dkt. 16 ¶ 6). The modification Plaintiff seeks narrows the scope of restraint, operates to the Defendants' benefit, and reduces the Defendants' exposure to a court-ordered asset freeze. There is no party to oppose this Motion, and granting it serves rather than prejudices the absent Defendants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order: dissolving Paragraphs 7 and 8 of the TRO; entering records-preservation orders directed to Skrill USA, Inc.

and PayPal, Inc. in lieu of the dissolved asset freezes; leaving Paragraphs 9 through 14 of the TRO in full force and effect; reducing the bond required by Paragraph 15 from $110,000 to $1,000 nominal; and extending the bond deadline by seven (7) business days from the date of an order ruling on this Motion. In the alternative, Plaintiff respectfully requests that the Court reduce the bond to an amount the Court deems appropriate in light of Plaintiff's demonstrated financial inability and the minimal risk of wrongful-injunction damages.

DATED: June 9, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, IL 60612
Telephone: 305-438-9450
Email: Corinthia@flavaworks.com

Counsel for Plaintiff