**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Hon. John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER MODIFYING TEMPORARY RESTRAINING ORDER AND REDUCING BOND

This matter came before the Court on Plaintiff FlavaWorks Entertainment, Inc.'s Emergency Motion to Modify Temporary Restraining Order and to Reduce Bond (the "Motion"). The Court, having considered the Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Phillip Bleicher, the record in this action, and the absence of any appearance or opposition by any Defendant, and being fully advised in the premises, FINDS as follows:

1. Plaintiff has demonstrated financial inability to post the $110,000 security required by Paragraph 15 of the Temporary Restraining Order entered June 2, 2026 [Dkt. 16] (the "Original TRO"), either in cash or by surety bond premium.

2. Plaintiff has demonstrated that, on information and belief, substantial proceeds are unlikely to remain available for restraint in the merchant accounts targeted by Paragraphs 7 and 8 of the Original TRO, given the post-filing shutdown of Gay-Torrents.org and the operator-tier Defendants' continuing non-responsiveness.

3. Dissolution of the asset-freeze components in Paragraphs 7 and 8 of the Original TRO, and substitution of records-preservation orders directed to Skrill USA, Inc. and PayPal, Inc., narrows the scope of the Original TRO to the Defendants' benefit and substantially reduces the risk of cognizable wrongful-injunction damages under Federal Rule of Civil Procedure 65(c).

4. The remaining components of the Original TRO (Paragraphs 9 through 14) impose no commercial restraint on any Defendant and warrant only nominal security under Rule 65(c).

**IT IS THEREFORE ORDERED:**

1. Paragraphs 7 and 8 of the Temporary Restraining Order entered June 2, 2026 [Dkt. 16] are hereby DISSOLVED. Skrill USA, Inc. and PayPal, Inc. are released from the asset-freeze obligations set forth in those paragraphs.

2. In lieu of dissolved Paragraph 7, Skrill USA, Inc. shall preserve, pending further order of this Court, all records in its possession, custody, or control relating to the Skrill merchant account held by or for the benefit of Defendant BYZONA LTD (including any account associated with the email address or trade names BYZONA LTD, 247host, or 247host.eu), and any successor or replacement merchant account opened by or for the benefit of BYZONA LTD or Defendant Orlin Tsekov for the receipt of payments associated with Gay-Torrents.org, including: subscriber identification records; billing records; transaction history records; communications with the account holder; and any related records.

3. In lieu of dissolved Paragraph 8, PayPal, Inc. shall preserve, pending further order of this Court, all records in its possession, custody, or control relating to the PayPal merchant account held by or for the benefit of Defendant Evgenii Nazarov (including the merchant account associated with cloud2max.club or the merchant statement descriptor CLOUD2MAX), and any successor or replacement merchant account opened by or for the benefit of Nazarov for the receipt of payments associated with Gay-Torrents.org, including: subscriber identification records; billing records; transaction history records; communications with the account holder; and any related records.

4. Paragraphs 9 through 14 of the Temporary Restraining Order entered June 2, 2026 [Dkt. 16] remain in FULL FORCE AND EFFECT, unmodified.

5. Paragraph 15 of the Temporary Restraining Order entered June 2, 2026 [Dkt. 16] is hereby MODIFIED. The required security is reduced from $110,000 to $1,000 nominal. Plaintiff shall deposit $1,000 with the Court, either cash or surety bond, within seven (7) business days of entry of this Order.

6. The Preliminary Injunction hearing set for June 16, 2026 at 11:00 a.m. in Courtroom 1203 remains as scheduled. The TRO, as modified by this Order, remains in effect through June 16, 2026.

7. Plaintiff shall serve this Order upon Skrill USA, Inc., PayPal, Inc., Cloudflare, Inc., and Tucows, Inc. by their respective designated agents for service of process, in addition to the service requirements of Paragraph 17 of the Original TRO.

**IT IS SO ORDERED.**

DATED: _____, 2026


_____
Hon. John Robert Blakey
United States District Judge