**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FlavaWorks Entertainment, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-04857 |
| | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | |
| Ludovic Deniau, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND MOTION FOR LIMITED EXPEDITED DISCOVERY
## (EMAIL SERVICE PROVIDERS)

Plaintiff FlavaWorks Entertainment, Inc. ("FlavaWorks" or "Plaintiff"), by and through its undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to conduct one further category of limited expedited third-party discovery in advance of the Rule 26(f) conference.

This is the second, previously disclosed step in the identification sequence already before the Court. The Court's Order Granting Plaintiff's Motion for Limited Expedited Discovery (Dkt. 17) authorized Rule 45 subpoenas to Skrill USA, Inc., PayPal, Inc., Cloudflare, Inc., and Tucows, Inc.—each of which Plaintiff served on June 22–23, 2026—and expressly provided that its authorization was "without prejudice to Plaintiff's right to seek additional discovery as warranted in the ordinary course of this action." Dkt. 17 ¶ 4. In its Status Report filed June 18, 2026 (Dkt. 21), Plaintiff advised the Court that it would file a separate motion seeking limited expedited discovery as to email service providers, on the same terms and limitations as the existing Order. This is that motion. Relying on the representations in that Status Report, the Court has extended the time for service of process to August 31, 2026, and ordered an updated status report by September 8, 2026 (Dkt. 22). The discovery sought here is the step that will permit Plaintiff to identify and serve the Doe Member Defendants within that schedule.

The thirty-nine (39) Doe Member Defendants (John Does #9 through #47) are identified in the First Amended Verified Complaint by registered email address, Gay-Torrents.org username, and

user identification number. First Am. Verified Compl. ¶ 22 & Ex. D. They cannot be served on the basis of an email handle alone. The subscriber records that link each preserved email address to a natural person exist only with the email service providers that host those addresses— principally Google, Yahoo, Microsoft, Apple, and AT&T, with the remainder held by a small number of other providers. The subpoenas sought here are limited to enumerated subscriber identification information; they do not seek the content of any communication, message metadata, address-book or contact-list information, or any other category of record.

**Relief Sought**

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. Authorizing Plaintiff to serve subpoenas under Federal Rule of Civil Procedure 45 on Google LLC, Yahoo Inc., Microsoft Corporation, Apple Inc., and AT&T Inc., each seeking, for each registered email address hosted at a domain operated by that provider and associated in Exhibit D to the First Amended Verified Complaint with a Doe Member Defendant, subscriber identification information limited to: (a) the subscriber's full name, current mailing address, and telephone number (including any cell phone number), and any secondary or alternative email addresses on file for the account (including recovery email addresses and email addresses used for two-factor authentication); (b) the most recent Internet Protocol (IP) address used to access the account, together with the date and time of that login; and (c) the billing name and billing address associated with any payment method on file for the account—no transaction amounts, payment card numbers, or purchase history—in each case limited to the period January 1, 2025 through the date of production and only to the extent such information exists;

2. Authorizing Plaintiff to serve a subpoena under Federal Rule of Civil Procedure 45, on the same terms and for the same categories of information, on any other email service provider reasonably believed to host a registered email address already identified in Exhibit D, or identified through the responses to the subpoenas authorized by Dkt. 17 as hosting such an address, without further order of this Court;

3. Requiring each such provider to produce the requested information within thirty (30) days of service of the subpoena;

4. Providing that no subpoena authorized by the order shall seek, and no provider shall be required to produce, the content of any electronic communication or any other category of record beyond the subscriber identification information enumerated above;

5. Providing that the specific email addresses for which subscriber records are sought shall be transmitted by Plaintiff directly to each provider with the subpoena and shall not be filed on the public docket, and that any information produced shall be used by Plaintiff solely for purposes of this litigation, including the identification and service of Defendants and the prosecution of Plaintiff's claims, and not for any other purpose;

6. Providing that the foregoing authorization is without prejudice to Plaintiff's right to seek additional discovery as warranted in the ordinary course of this action; and

7. Granting such other and further relief as the Court deems just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LEGAL STANDARD

Rule 26(d)(1) permits discovery before the Rule 26(f) conference "when authorized by ... court order." Courts in this District apply a good-cause standard, considering the breadth, purpose, and timing of the request and the burden on those subject to it, see *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000), and routinely authorize pre-conference Rule 45 subpoenas to identify Doe defendants in internet copyright actions, see *Hard Drive Prods., Inc. v. Does* 1–48, No. 11 C 9062, 2012 WL 2196038, at *2 (N.D. Ill. June 14, 2012); *Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *7 (N.D. Ill. Mar. 7, 2013). Doe-identification subpoenas are evaluated under the framework of *Sony Music Entertainment Inc. v. Does* 1–40, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004); accord *Arista Records, LLC v. Doe* 3, 604 F.3d 110, 119 (2d Cir. 2010).

### II. ARGUMENT

The threshold showing is already made. The Court has found that Plaintiff "made a prima facie showing of personal jurisdiction over each Defendant against whom the requested discovery is directed." Dkt. 17 at 1; see *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). As to the Member Defendants, jurisdiction rests on

each defendant's express clickwrap consent to this forum. First Am. Verified Compl. ¶¶ 33–36; see *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1033–34 (7th Cir. 2016).

Good cause exists under every *Sony Music* factor. Plaintiff has pleaded a prima facie infringement claim against each Member Defendant, supported by individualized, preserved evidence of paid VIP funding, forum-campaign participation, and/or forensically traced uploads. First Am. Verified Compl. ¶¶ 22, 83 & Ex. D. The requests are specific and minimal: they are keyed to the particular email addresses already preserved and identified by Doe number in Exhibit D, and are limited to three enumerated categories of non-content subscriber records. The secondary, recovery, and two-factor-authentication email addresses are requested because subscriber names and mailing addresses on free email accounts are frequently incomplete, outdated, or pseudonymous—providers of free accounts do not verify user information—and corroborating account identifiers materially reduce the risk of misidentification before service. Billing name and billing address are requested for the same reason: a payment method on file is often the only verified identity information associated with a free account, and only the billing name and address—no transaction amounts, card numbers, or purchase history—are sought.

The burden on the providers is minimal, and the requests are proportional. The requested records are electronically maintained in the ordinary course of business, involve only a handful of data fields per account, and are the same limited categories these providers routinely produce in response to civil subpoenas: Google LLC has produced them in response to substantively identical FlavaWorks subpoenas twice—in *FlavaWorks Entm't, Inc. v. Lewitzky*, No. 1:24-cv-09725 (N.D. Ill.) (production of Feb. 28, 2025, without objection), and in *FlavaWorks Entm't, Inc. v. Gaudet-Labrosse*, No. 1:25-cv-03397 (N.D. Ill.) (production of Apr. 20, 2026)—and Yahoo Inc. produced the same categories in the Gaudet-Labrosse action with an authenticating business-records declaration (production of Nov. 24, 2025). The discovery is proportional to the needs of the case within the meaning of Rule 26(b)(1)—a handful of identification fields weighed against the inability to serve any Member Defendant at all—and is narrowly tailored to avoid imposing undue burden on nonparties, consistent with Rule 45(d)(1). And no alternative means exist: Gay-Torrents.org does not expose member identity, and its operators have ignored takedown and preservation demands for over a decade, so without this discovery no Member Defendant can be served and the claims against them cannot proceed. See Arista Records, 604

F.3d at 119; In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 87–88 (E.D.N.Y. 2012).

The privacy intrusion is limited and protected. A subscriber's expectation of privacy in identification records held by his email provider is minimal and yields to a court-authorized subpoena issued on a prima facie showing of infringement. *Sony Music*, 326 F. Supp. 2d at 566–67. The proposed order adds two protections beyond Dkt. 17: an express no-content limitation—which also keeps the subpoenas squarely within the Stored Communications Act, which permits providers to disclose non-content subscriber records to a non-governmental entity, 18 U.S.C. § 2702(c)(6), while barring civil-subpoena disclosure of content, id. § 2702(a)—and a requirement that the subject email addresses be transmitted directly to the providers rather than filed on the public docket.

Finally, Plaintiff seeks this discovery by court-authorized Rule 45 subpoena rather than under 17 U.S.C. § 512(h), whose application to providers that do not host the infringing material is doubtful and would invite collateral motion practice. *See Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs.*, Inc., 351 F.3d 1229, 1233–39 (D.C. Cir. 2003); *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 776–77 (8th Cir. 2005). The proposed order otherwise tracks Dkt. 17: a thirty-day production period, the same use-limitation, and the same reservation of rights. A court-ordered production deadline is warranted by experience: in a prior FlavaWorks action, one provider's processing of a substantively identical subpoena, absent such a deadline, extended for months.

## III. CONCLUSION

Plaintiff respectfully requests that the Court enter the [Proposed] Order submitted herewith.

DATED: July 9, 2026

Respectfully submitted,

/s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street
Chicago, IL 60612
Telephone: 305-438-9450

Email: Corinthia@flavaworks.com

Counsel for Plaintiff FlavaWorks Entertainment, Inc.

## CERTIFICATE OF SERVICE

I, Corinthia Hicks, hereby certify that on July 9, 2026, I caused the foregoing Plaintiff's Second Motion for Limited Expedited Discovery (Email Service Providers), including the accompanying Memorandum of Points and Authorities, and the [Proposed] Order to be filed with the Clerk of the Court using the CM/ECF system. Because no Defendant has yet been served and no Defendant has appeared, no party other than the Court will be served at this time. A courtesy copy of the [Proposed] Order in editable Word format will be transmitted contemporaneously to chambers at Proposed_Order_Blakey@ilnd.uscourts.gov in accordance with this Court's standing order.

/s/ Corinthia Hicks
Corinthia Hicks, Esq.