**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FLAVAWORKS ENTERTAINMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LUDOVIC DENIAU; JOHN DOE #1 ("TheMan"), Owner of Gay-Torrents.org; JOHN DOES #2 through #8, Administrators of Gay-Torrents.org; BYZONA LTD; ORLIN TSEKOV; EVGENII NAZAROV; and JOHN DOES #9 through #47,<br><br>Defendants. | Case No. 1:26-cv-04857<br><br>Hon. John Robert Blakey<br><br>Magistrate Judge M. David Weisman<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR REASSIGNMENT OF RELATED CASE PURSUANT TO LOCAL RULE 40.4**

Plaintiff FlavaWorks Entertainment, Inc. ("Plaintiff" or "FlavaWorks"), by its undersigned counsel, respectfully moves pursuant to Local Rule 40.4 for an order finding that *FlavaWorks Entertainment, Inc. v. Scull, et al.*, No. 1:26-cv-10140 (N.D. Ill.) (the "Scull Action"), presently assigned to the Honorable Jeremy C. Daniel, is related to this action (the "Deniau Action"), and requesting that the Executive Committee reassign the Scull Action to this Court's calendar. In support, Plaintiff states as follows:

## I. BACKGROUND

### A. The Deniau Action (No. 1:26-cv-04857)

1. Plaintiff filed this action on April 28, 2026. (Dkt. 1.) It was randomly assigned to this Court on April 29, 2026. Following the Court's Minute Entry of May 4, 2026 (Dkt. 7), Plaintiff filed its First Amended Verified Complaint on May 26, 2026 (Dkt. 8, with appendix at Dkt. 9), on which the Court permitted Plaintiff to proceed. (Dkt. 12.)

2. The Deniau Action is directed at the operator tier of Gay-Torrents.org (the "Site"), a private, invite-only BitTorrent tracker that operated from 2009 until early May 2026 and that distributed Plaintiff's registered audiovisual works without authorization. The Defendants are Ludovic Deniau; John Doe #1 ("TheMan"), the Site's owner; John Does #2 through #8, the Site's administrators; BYZONA LTD, Orlin Tsekov, and Evgenii Nazarov, the entities and individuals who received the Site's revenue through sham "web-hosting" payment fronts (247host.eu/Skrill and cloud2max.club/PayPal); and John Does #9 through #47, thirty-nine Site members identified by username. (Dkt. 8 ¶¶ 7–23.) The First Amended Complaint pleads direct, contributory, and vicarious copyright infringement, inducement, unjust enrichment, and fraudulent concealment. (Dkt. 8, Counts I–VI.)

3. This Court has already invested substantial effort in the matter. It addressed joinder and personal jurisdiction over the Site's members and operators (Dkt. 7, 12); granted a temporary restraining order and an order authorizing limited expedited third-party discovery directed to the Site's payment processors and infrastructure providers (Dkt. 15–17); ruled on Plaintiff's motion to modify the TRO and reduce bond (Dkt. 19) and subsequently vacated the TRO (Dkt. 20); extended the time for service to August 31, 2026 (Dkt. 22); ruled on Plaintiff's second motion for expedited discovery directed to email-service providers (Dkt. 25); and set a status report for September 8, 2026 (Dkt. 22). No Defendant has yet appeared.

**B. The Scull Action (No. 1:26-cv-10140)**

4. Plaintiff filed the Scull Action on August 21, 2026. A copy of the Verified Complaint, with its exhibits and civil cover sheet, is attached as **Exhibit A**. The Scull Action arises from the same Site and the same enterprise. It is directed at the member tier: Defendant Jason A. Scull, a former paying FlavaWorks subscriber whose forensically watermarked copies of Plaintiff's works

were located on the Site, and John Does #1 through #74, Site members identified by username and Site user-identification number who uploaded, downloaded, and/or financed the Site through the same disguised payment channels at issue here. (Ex. A ¶¶ 1–5, 8–19.) It pleads direct and contributory copyright infringement and civil RICO claims under 18 U.S.C. § 1962(c) and (d), alleging that the Site is an association-in-fact enterprise whose pattern of racketeering activity consisted of criminal copyright infringement, wire fraud through the disguised "web-hosting" payment scheme, and money laundering. (Ex. A ¶¶ 36–45.)

5. The Scull Complaint expressly identifies this action as the companion proceeding. It alleges that it "arises from the same Gay-Torrents.org enterprise at issue in *FlavaWorks Entertainment, Inc. v. Deniau*, No. 1:26-cv-04857 (N.D. Ill.), which is directed at the enterprise's operators and financial recipients," and that it "is directed at the members who supplied, redistributed, and financed the enterprise." (Ex. A ¶ 1.) The Deniau Defendants — TheMan, the administrators, BYZONA LTD, Tsekov, and Nazarov — are pleaded in the Scull Action as the RICO enterprise and as co-conspirators, and were deliberately not named as defendants there in order to avoid naming the same parties in two actions. (Ex. A ¶ 19.) The civil cover sheet filed with the Scull Complaint identified this action and this Court in the "Related Case(s)" section. (Ex. A, Civil Cover Sheet § VIII.)

6. Notwithstanding that designation, the Scull Action was randomly assigned on August 24, 2026 to the Honorable Jeremy C. Daniel, with Magistrate Judge Keri L. Holleb Hotaling designated. A copy of the Scull Action docket is attached as **Exhibit B**. Summons has issued as to Defendant Scull (Scull Dkt. 4). On September 4, 2026, counsel appeared in the Scull Action on behalf of John Doe No. 59 (Scull Dkt. 5). No other Defendant has appeared in the Scull Action, and no substantive rulings have been entered.

## II. LEGAL STANDARD

7. Under Local Rule 40.4(a), two civil cases "may be related" if, among other things, "the cases involve some of the same issues of fact or law" or "the cases grow out of the same transaction or occurrence." LR 40.4(a)(2), (3). The definition is disjunctive; any one subpart suffices. *Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.*, 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010).

8. A related case may be reassigned to the judge presiding over the lowest-numbered case if each of four conditions is met: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." LR 40.4(b). These conditions are conjunctive. *Targin*, 714 F. Supp. 2d at 902. The motion must be filed in the lowest-numbered case, must attach the complaint in the higher-numbered case, and must be accompanied by a Notice of Filing in the higher-numbered case. LR 40.4(c). Reassignment does not itself consolidate the cases; whether they should be tried jointly may be deferred. *Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) (granting LR 40.4 reassignment of RICO action arising "in significant part, from the same transactions and occurrences" as the earlier case).

## III. ARGUMENT

### A. The Cases Are Related Under Local Rule 40.4(a)(2) and (a)(3).

9. The two actions grow out of the same transaction or occurrence and share the same issues of fact and law. Both concern one website, one membership system, one catalog of infringing copies of Plaintiff's works, and one set of disguised payment channels. The points of commonality include, without limitation:

(a) **The same enterprise.** Both complaints plead the operation of Gay-Torrents.org from 2009 through May 2026 as a coordinated, membership-driven distribution platform for Plaintiff's works. (Dkt. 8 ¶¶ 2–6, 24; Ex. A ¶¶ 2–5, 30–34.) The Scull Complaint pleads the Deniau Defendants as the RICO enterprise and co-conspirators. (Ex. A ¶ 19.)

(b) **The same payment-concealment scheme.** Both complaints allege that the Site's VIP-membership revenue was routed through the same sham "web-hosting" fronts — 247host.eu/BYZONA LTD via Skrill and cloud2max.club/Evgenii Nazarov via PayPal — and both rely on the same payment-flow documentation. (Dkt. 8 ¶¶ 4, 19–21, 119–121; Dkt. 9-4; Ex. A ¶¶ 3, 31–32, 39 & Ex. C.) In the Deniau Action that scheme is the predicate for the fraudulent-concealment and unjust-enrichment counts; in the Scull Action it is the wire-fraud predicate for the RICO counts.

(c) **The same copyrights and chain of title.** Both actions rest on the same Copyright Transfer Agreement recorded at Volume 15032, Document 534, the same Exclusive Copyright License and Enforcement Agreement, and overlapping schedules of registered works. (Dkt. 8 ¶¶ 7–8 & Exs. A–B; Ex. A ¶ 7 & Exs. A–B.) Plaintiff's ownership, standing, and the registration status of each work under 17 U.S.C. § 412 are common issues.

(d) **The same forum-selection clause and jurisdictional theory.** Both actions rely on the FlavaWorks Terms and Conditions and its consent-to-jurisdiction clause as a basis for personal jurisdiction over Site members who also held FlavaWorks accounts. (Dkt. 8 ¶¶ 22, 36 & Ex. C; Ex. A ¶¶ 10, 21–22 & Ex. E.) This Court has already examined that theory. (Dkt. 7, 12.)

(e) **The same forensic-identifier evidence and willfulness proof.** Both actions rely on the forensic identifiers Plaintiff embeds in each delivered file to trace copies located on the

Site to the subscriber account from which they originated, and on the same DMCA notices, forum threads, and "Banned Content" announcement to establish knowledge and willfulness. (Dkt. 8 ¶¶ 3, 5–6, 101; Dkt. 9-1 through 9-3; Ex. A ¶¶ 11–12, 29, 33.)

(f) **The same Doe-identification discovery.** Both actions require third-party discovery to identify Site members and operators from the same sources — Skrill, PayPal, Cloudflare, Tucows, and the email-service providers associated with members' registered addresses. This Court has already ruled on the scope and prerequisites of that discovery. (Dkt. 17, 25.) The Scull Complaint alleges that the payment records at issue "are the subject of subpoenas issued in the Deniau Action." (Ex. A ¶ 39.)

10. These are not two cases that merely share a plaintiff or a legal theory. The Scull Action is, in substance, the member-tier half of a single controversy whose operator-tier half is already before this Court, and each half incorporates the other by reference. That is the paradigm of relatedness under LR 40.4(a)(2) and (a)(3). *See Popovich*, 189 F. Supp. 2d at 778.

**B. Each Condition of Local Rule 40.4(b) Is Satisfied.**

11. **Both cases are pending in this Court.** LR 40.4(b)(1). Both are pending in the Eastern Division of this District.

12. **Reassignment will produce a substantial saving of judicial time and effort.** LR 40.4(b)(2). This Court has already resolved threshold questions — joinder of Site members under Rule 20(a)(2), the personal-jurisdiction showing required as to each Doe defendant, and the factual predicate required before expedited third-party discovery may issue (Dkt. 7, 12, 17, 25) — that will arise in identical form in the Scull Action, which names seventy-four Doe members and seeks the same expedited discovery. (Ex. A ¶¶ 16–18, 26, 28, Prayer ¶ e.) Absent reassignment, a second judge must independently master the same record concerning the Site's structure, membership

system, payment channels, and Plaintiff's chain of title, and must rule on the same discovery requests directed to the same third parties, with the attendant risk of inconsistent rulings on the same subpoenas and the same defendants. Reassignment permits coordinated Doe-identification discovery, a single protective order, and a single set of rulings on the enterprise-level facts common to both cases.

13. **The Deniau Action has not progressed to a point where reassignment would substantially delay it.** LR 40.4(b)(3). The Deniau Action remains at the Doe-identification and service stage: no Defendant has appeared or answered, no scheduling order has been entered, and Plaintiff's next status report is due September 8, 2026. (Dkt. 22.) The Scull Action was filed on August 21, 2026 and is at its inception. Reassignment now, before either case advances, imposes no delay on this action; to the contrary, it is the point at which the efficiencies of coordinated handling are greatest.

14. **The cases are susceptible of disposition in a single proceeding.** LR 40.4(b)(4). The liability-determinative issues in both actions are common and can be resolved together: whether Gay-Torrents.org operated as a coordinated infringing enterprise; whether its VIP payments were fraudulently disguised through the BYZONA/Skrill and Nazarov/PayPal channels; whether Plaintiff owns and has standing to enforce the registered works; whether the Terms and Conditions bind Site members who held FlavaWorks accounts; and whether the infringement was willful. The Scull Action's RICO counts require proof of the very enterprise, pattern, and predicate acts that the Deniau Action pleads against the enterprise's operators, and the contributory-infringement counts in both actions turn on the same knowledge evidence. This is not a situation, as in *Pettitt v. Boeing Co.*, 606 F.3d 340 (7th Cir. 2010), in which a common liability question is followed by scores of individualized damages trials; here the common questions are the case, statutory damages

under 17 U.S.C. § 504(c) are assessed per work rather than per plaintiff, and the actions can be coordinated for discovery, dispositive motions, and, if the Court so determines, trial. Reassignment does not require consolidation, and Plaintiff does not seek it by this motion; the Court may defer any question of joint trial. *Popovich*, 189 F. Supp. 2d at 778.

**C. The Motion Is Properly Presented Now.**

15. Local Rule 40.4(c) provides that, "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the appearances of all parties have been filed in each of the proceedings involved." Plaintiff respectfully submits that the purpose of that provision is served, and that its literal application would defeat the Rule, in the circumstances here. Both actions name John Doe defendants — forty-six remaining in this action and seventy-four in the Scull Action — whose identities are the object of third-party discovery that this Court has already supervised. Awaiting the appearance of "all parties" would postpone the relatedness determination indefinitely, and would forfeit precisely the efficiencies in Doe-identification discovery that reassignment is intended to secure. No party is prejudiced by presenting the question now. No Defendant has appeared in this action. In the Scull Action, one Doe Defendant has appeared through counsel, and that counsel is served with this motion through the CM/ECF system in the Scull Action and by the courtesy service described in the Certificate of Service; indeed, it was that counsel who inquired when Plaintiff would raise the question of relatedness with the Court. Plaintiff has also served this motion on every other attorney who has contacted Plaintiff on behalf of any Defendant in either action (see Certificate of Service) so that any such counsel may be heard. Plaintiff has no objection to the Court setting a response period before ruling.

16. In accordance with LR 40.4(c), Plaintiff is contemporaneously filing a Notice of Filing in the Scull Action, attaching this motion, so that Judge Daniel is apprised of the request.

**IV. CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court (a) find that *FlavaWorks Entertainment, Inc. v. Scull, et al.*, No. 1:26-cv-10140, is related to this action within the meaning of Local Rule 40.4(a); (b) find that the conditions for reassignment under Local Rule 40.4(b) are satisfied; (c) forward its finding to the Executive Committee with a request that No. 1:26-cv-10140 be reassigned to this Court's calendar; and (d) grant such further relief as the Court deems just.

Dated: September 7, 2026

Respectfully submitted,

FLAVAWORKS ENTERTAINMENT, INC.

By: /s/ Corinthia Hicks
Corinthia Hicks, Esq.
Illinois Bar No. 6352965
FlavaWorks Entertainment, Inc.
2705 West Fulton Street, Suite 3N
Chicago, Illinois 60612
Tel: (305) 438-9450
Email: Corinthia@FlavaWorks.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Corinthia Hicks, an attorney, certify that on September 7, 2026, I caused the foregoing Plaintiff’s Motion for Reassignment of Related Case Pursuant to Local Rule 40.4, together with Exhibits A and B, to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. No Defendant has appeared in this action. Counsel of record for John Doe No. 59 in the Scull Action, No. 1:26-cv-10140, is being served by electronic mail and will also receive notice through the CM/ECF system upon the filing of Plaintiff's Notice of Filing in that action.

/s/ Corinthia Hicks
Corinthia Hicks